# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| v. | : |
| | : Case No. 5:21-cr-38-MTT-CHW-1 |
| **JASPER BLACKSHEAR,** | : |
| | : |
| **Defendant.** | : |
| | : |

## ORDER

Defendant Jasper Blackshear pled guilty to one count of conspiracy to possess with intent to distribute cocaine base (Doc. 68) and was sentenced to serve 130 months, consecutive to two state court sentences, followed by three years on supervised release. (Doc. 111). He subsequently appealed (Doc. 114), but the appeal was dismissed. (Doc. 123). Since his appeal was dismissed, Defendant, *pro se*, has filed an unsuccessful petition motion to reduce his sentence (Docs. 128, 130) and a motion for compassionate release (Doc. 131), which remains pending. Defendant has now filed a letter that was docketed as a motion for copies, in which he seeks several case documents at no cost because he is indigent and "working on [his] appeal." (Doc. 134). Because Defendant's appeal was dismissed over a year ago and the briefing period for his compassionate release motion is complete, the Court construes Defendant's motion to mean that he intends to file a § 2255 petition to attack his conviction and sentence.

Defendant is not entitled to free copies of these documents or transcripts at this time. *See United States v. Hernandez*, 431 Fed. App'x 813, 813 (11th Cir. 2011) (finding that the district court properly denied "a federal prisoner's transcript request where the appellant had no appeal pending and had not moved to vacate his sentence under § 2255."); *Walker v. United States*, 424

F.2d 278, 279 (5th Cir. 1970)[1] (concluding that "only where a [habeas] petitioner . . . has been granted leave to proceed in forma pauperis and his application is pending before the court is that petitioner entitled to be furnished copies of court records without costs."). Additionally, a defendant, post-conviction, "is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is an indigent." *United States v. Adamson*, 681 Fed. App'x 824, 827 (11th Cir. 2017) (quoting *United States v. Herrera*, 474 F.2d 1049, 1049 (5th Cir. 1973)). Defendant's motion for copies (Doc. 134) is **DENIED**.

**SO ORDERED**, this 1st day of July, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

---

[1] Fifth Circuit decisions "handed down by that court prior to the close of business on [September 30, 1981], shall be binding as precedent in the Eleventh Circuit[.]" *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).